**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUMETIQUE, INC., | NO. CV 17-3473-VAP(Ex) |
|             Plaintiff, | |
|   v. | CERTIFICATION AND ORDER |
| STONE DISTRIBUTORS, INC., | TO SHOW CAUSE RE CONTEMPT |
|             Defendant. | |

The Magistrate Judge has read and considered all papers filed in support of and in opposition to the "Application of Judgment Creditor Lumetique, Inc., for an Order to Show Cause Why Contempt Sanctions Should Not be Issued Against Third Party Witness Michael Wainer for his Failure to Produce Documents at his Examination to Aid in the Enforcement of a Judgment, etc." ("the Application"), filed January 3, 2018. The Magistrate Judge has taken the Application under submission without oral argument.

IT IS ORDERED that Michael Wainer ("Wainer") shall appear on March 19, 2018, at 2:00 p.m., in the Courtroom of the Honorable

Virginia A. Phillips, Chief United States District Judge, at 350 West 1st Street, Courtroom 8A, Los Angeles, California 90012, and then and there to show cause, if there be any, why Wainer should not be adjudged in contempt by reason of the facts certified herein.

In accordance with 28 U.S.C. section 636(e), the Magistrate Judge certifies the following facts:[1]

1. On September 4, 2014, the United States District Court for the Eastern District of Texas entered a default judgment in the amount of $1,053,000 plus attorneys' fees and expenses in favor of Plaintiff Lumetique, Inc. ("Lumetique") and against Defendant Stone Distributors, Inc. ("Stone Distributors").

2. On April 6, 2017, Lumetique registered the default judgment in this Court.

3. On May 5, 2017, Lumetique filed an "Application for Appearance and Examination" of Wainer.

///

---

[1] The question of whether Wainer should be held in contempt on these certified facts, and the question of the appropriate sanctions to be imposed, if any, are commended to the District Judge for her consideration. See 28 U.S.C. § 636(e); see also Bingman v. Ward, 100 F.3d 653, 658 (9th Cir. 1996), cert. denied, 520 U.S. 1188 (1997); Taberer v. Armstrong World Industries, Inc., 954 F.2d 888, 903-908 (3d Cir. 1992). The limited contempt powers granted to Magistrate Judges in the "Federal Courts Improvement Act of 2000" do not extend to the circumstances presented in the instant case. See 28 U.S.C. § 636(e).

4. On May 10, 2017, the Magistrate Judge denied this application without prejudice, stating, <u>inter alia</u>, that the application "fails to demonstrate that Michael Wainer has information concerning the Judgment Debtor sufficient to aid in the enforcement of the Judgment."

5. On May 24, 2017, Lumetique filed another "Application for Appearance and Examination" of Wainer. In support of this application, Lumetique filed a declaration to which were attached exhibits appearing to reflect that: Stone Distributors was a candle business; Wainer was an officer of Stone Distributors; shortly after Lumetique began its 2014 lawsuit against Stone Distributors, Stone Candle Bar Inc. ("Stone Candle") filed Articles of Incorporation; Stone Candle is a candle business in which Wainer and Wainer's son are involved; and Wainer is the Chief Executive Officer ("CEO"), Chief Financial Officer and Controller of Stone Candle. <u>See</u> Exhibits 1, 2, 3, 4, 6, 7, 9 and 10 to the Declaration of Ryan T. Koczara, filed May 24, 2017.

6. On May 25, 2017, the Magistrate Judge granted the application for an examination of Wainer, and ordered that Wainer appear before the Magistrate Judge on June 30, 2017, at 9:30 a.m. in Courtroom 750 of the Roybal Courthouse.

7. On June 1, 2017, counsel for Lumetique issued a subpoena to Wainer requiring the production of certain

documents relating to Stone Distributors, as well as documents relating to Stone Candle and Ecolight Inc. ("Ecolight"). Ecolight is another candle business in which Wainer is (or was) involved.[2]

8. On June 30, 2017, counsel for Lumetique appeared for the examination of Wainer, but Wainer failed to appear. The Magistrate Judge continued the examination to August 18, 2017, at 9:30 a.m. in Courtroom 750.

9. On July 28, 2017, Lumetique filed a proof of service purporting to reflect a July 11, 2017 service on Wainer (through "Deluca Densmore") of the "Notice of Continuance of Appearance and Examination of Third Party Re: Enforcement of Judgment and Subpoena to Produce Documents to Michael Wainer."

10. On August 18, 2017, Wainer and counsel for Lumetique appeared before the Magistrate Judge for the examination of Wainer. Although Wainer had not filed any objections to the subpoena, Wainer orally objected to producing any document responsive to the subpoena. Wainer objected on grounds of relevance, trade secret, and his purported lack of access to the documents of Stone Candle. The Magistrate Judge overruled the relevance objection as untimely and invalid in light of the potential relevance of Stone Candle documents to issues of

---

[2] The Application includes Ecolight filings with the California Secretary of State identifying Wainer as a director of Ecolight. See Exhibits 3 and 9 to the Declaration of Ryan T. Koczara, filed January 3, 2018.

possible successor liability.  See Cleveland v. Johnson, 209
Cal. App. 4th 1315, 1326-34, 147 Cal. Rptr. 3d 772 (2013).[3]  With
regard to Wainer's trade secret objection, the Magistrate
Judge restricted Lumetique's access to the subpoenaed
documents to access by Lumetique's attorneys only (a ruling
as to which Wainer responded "Fair enough").  With regard
to the objection based on Wainer's purported lack of access
to Stone Candle documents, the Magistrate Judge overruled
the objection in light of the corporate documents on file
and because Wainer had admitted in open court that he is
the Controller of Stone Candle, and that he is the CEO of
Stone Candle.[4]  The Magistrate Judge then ordered Wainer to
produce all documents responsive to the subpoena at a
continued examination of Wainer to occur on September 15,
2017, at 9:30 a.m. in Courtroom 750.

11.  On September 15, 2017, Wainer and counsel for Lumetique
appeared for the continuation of the examination.  However,
Wainer again failed to bring with him any document responsive to
the subpoena.  Instead, Wainer made a frivolous argument that
the subpoena supposedly did not require the production of any
documents other than the documents of Stone Distributors.  The
Magistrate Judge rejected this argument on the basis of a plain

---

[3] It now appears that Stone Distributors' web address routes potential customers to Stone Candle's website.  See Declaration of Dayna Decker, Exhibit B, and Declaration of Ryan T. Koczara, filed February 14, 2018, ¶ 5.

[4] After admitting in open court that he is the CEO of Stone Candle, Wainer then denied in open court that he is the CEO of Stone Candle.

reading of the subpoena. Counsel for Lumetique then indicated an intention to proceed by way of contempt.

12. In opposition to the Application, Wainer and Wainer's son now appear to claim Wainer does not have and has never had possession, custody or control of any document responsive to the subpoena. This claim is inconsistent with admissions previously made by Wainer and also appears inconsistent with public filings previously made by the corporations whose documents are involved.

13. In the Application, Lumetique proposes a "Statement of Facts to be Certified by the Court." Because Lumetique's proposed statement includes matters as to which the Magistrate Judge lacks personal knowledge and cannot properly take judicial notice, the Magistrate Judge has declined to adopt the proposed statement verbatim. Instead, the Magistrate Judge now issues the present certification.

DATED: February 15, 2018.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE